UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
UNITED STATES OF AMERICA,

        Plaintiff,

-against-

NELSON REY,

        Defendant.
------------------------------------------------x

MEMORANDUM AND ORDER
99 CR 090 (ILG)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 3 1 2008 ★
BROOKLYN OFFICE

GLASSER, United States District Judge:

On November 3, 1999, the defendant pleaded guilty to an Information charging him with money laundering conspiracy, punishable by imprisonment up to twenty years, and possession with intent to distribute cocaine, punishable by a mandatory term of imprisonment for ten years and a maximum of life. At the time of his plea the defendant was serving a term of supervised release imposed by the United States District Court in New Jersey having pleaded there in December 1991 to possession with intent to distribute cocaine.

The agreement pursuant to which he pleaded guilty here estimated a Guidelines range of 151-188 months assuming a criminal history category of IV. The agreement also explicitly provided in paragraphs 5(b) and (c) respectively, that the government will take no position concerning where within the Guidelines his sentence should fall and will take no position whether his sentence should run concurrently or consecutively to the sentence to be imposed by the New Jersey district court for his violation of supervised release.

On December 17, 1999, having pled guilty to a violation of supervised release, he was sentenced by the district court in New Jersey to a term of imprisonment for 30 months.

On October 13, 2000, he was sentenced here to a term of imprisonment of 151 months to run "concurrent with the 30 months imposed by the court in New Jersey." Tr. at 24. The written judgment similarly provided that he was sentenced to a term of 151 months on each count to run concurrently with each other and with the 30 month sentence imposed in New Jersey.

Eight years later, by letter dated October 20, 2008, written in lieu of a formal motion pursuant to Rule 36, Fed. R. Cr. P., the defendant seeks an Order of this Court that would "clarify that portion of the judgement which imposed the sentence to run concurrently with the sentence imposed by the District Court of New Jersey . . . . This request is made in order to clarify for the Bureau of Prisons his correct release date." That request is predicated on the fact that he was released from his term of imprisonment for violating his supervised release on January 29, 1993. On October 19, 1998, he was arrested in this district for money laundering conspiracy, denied bail and detained. He relates that all except two months spent in custody pending the charges here have been arbitrarily applied to the imprisonment for his supervised release violation and that his sentence of 151 months imposed here did not commence until he was sentenced on October 13, 2000. His projected release date has thus been calculated to be August 9, 2010. He believes that his correct projected release date, depending upon good time credit, would be March or October 2009. He asserts, incorrectly, as

indicated above, that his plea agreement provided that the imprisonment for his supervised release violation and the sentence imposed for the substantive offenses were to run concurrently. The plea agreement explicitly excluded any position on the matter.

## **Discussion**

Rule 36, Fed. R. Cr. P. provides: "After giving any notice it considers appropriate, the Court may at any time correct a clerical error in a judgment, order or other part of the record, or correct an error in the record arising from oversight or omission."

Relevant to the application of Rule 36 are several well established legal principles, which are:

(1) "It is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment order is mere evidence of such authority." United States v. Marquez, 506 F.2d 620, 622 (2d Cir. 1974).

(2) When a variance exists between the oral pronouncement of sentence and the judgment of conviction and the commitment order, the oral sentence generally controls. United States v. Pagan, 785 F.2d 378, 380 (2d Cir. 1986).

The oral pronouncement of sentence was as follows:

The Court: I am going to commit Mr. Rey to the custody of the Attorney General for 151 months, to run concurrently.

Mr. Gold: I'm sorry? I didn't hear that.

The Court:   One hundred fifty one months, concurrent with the 30 months that he has been sentenced to in New Jersey for violation of supervised release because, in my view, to run this sentence consecutively in effect is punishing him twice for the same offense which I don't think would be appropriate.

Tr. October 13, 2000 at 24-25.

The Judgment and Commitment order provided that "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of One Hundred Fifty One (151) months on each count to run concurrently with one another and with the thirty (30) month sentence imposed in the New Jersey case."

A "clerical error" that is contemplated by Rule 36 is merely one of recitation of the sort that a clerk or amanuensis might commit, mechanical in nature. It is not an error of judgment and not a vehicle for the vindication of the court's unexpressed sentencing expectations. United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995).

There is no variance between the oral pronouncement and the written judgment and no clerical error to be corrected. I would note too, that there was no "unexpressed sentencing expectation." The sole intention was that the sentence imposed run concurrently and was clearly expressed.

The grievance the defendant seeks to address concerns the calculation of the term of his imprisonment and the credit for his prior custody which he claims should be factored into that calculation. The defendant was aware that the proper procedure for obtaining relief in that regard was by a petition pursuant to 28 U.S.C. § 2241, which he in fact filed in the United States District Court for the Middle District of Florida where he is in custody.

4

This letter motion, filed without any suggestion that an effort was made to determine whether the Court had jurisdiction to entertain it, which it does not, and while a petition is pending in another court which has jurisdiction to entertain it, is an unreasonable and vexatious multiplication of proceedings. 28 U.S.C. § 1927. The motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
December 30, 2008

s/ILG

I. Leo Glasser